UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Brandon Orr**                                    **Docket No. 5:23-CR-322-1FL**

### Petition for Action on Supervised Release

COMES NOW C. Jordan Hagins, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Brandon Orr, who, upon an earlier plea of guilty to Distribution in Excess of Fifty Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and was sentenced by the Honorable Michael P. Mills, United States District Judge for the Northern District of Mississippi, on December 19, 2019, to the custody of the Bureau of Prisons for a term of 60 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. The defendant was released from custody on June 8, 2023, at which time the term of supervised release commenced in the Eastern District of North Carolina.

On October 18, 2023, the defendant 's case was transferred to the Eastern District of North Carolina, and assigned to the Honorable Terrence W. Boyle, United States District Judge.

On July 3, 2025, a Violation Report was submitted to the court due to the defendant submitting a urine sample on June 17, 2025, which was confirmed for marijuana, amphetamines, and methamphetamines. No court action was requested for this noncompliance.

On April 17, 2026, the defendant's case was reassigned to the Honorable Louise W. Flanagan, United States District Judge.

At sentencing, the defendant was ordered to the following mandatory, standard, and/or special conditions:

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING MANDATORY CONDITIONS:**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You shall submit to one drug test within the first 15 days of supervision and at least two periodic drug tests thereafter, as directed by the probation officer.
4. You must cooperate in the collection of DNA as directed by the probation officer.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate in a program of testing and treatment for substance abuse, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

2. The defendant shall participate in a program of mental health treatment, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

3. The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in Title 18, United States Code, Section 1030e(l)), other electronic communications or data storage devices or media, or office, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision. Any search must be conducted at a reasonable time and in a reasonable manner.

**Brandon Orr**
**Docket No.: 5:23-CR-322-1FL**
**Petition For Action**
**Page 3**

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING MONETARY OBLIGATIONS:**

Special Assessment: $100.00 (paid in full)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS**: Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that no changes be made to the mandatory, standard, and/or special conditions that were imposed at the time of sentencing.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the mandatory, standard, and special conditions that were imposed at the time of sentencing.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision with no changes to the original ordered mandatory, standard, and/or special conditions of supervision. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| | |
| /s/ Keith W. Lawrence | /s/ C. Jordan Hagins |
| Keith W. Lawrence | C. Jordan Hagins |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 150 Rowan Street Suite 110 |
| | Fayetteville, NC 28301 |
| | Phone: 910-354-2533 |
| | Executed On: April 17, 2026 |

## ORDER OF THE COURT

Considered and ordered this \_\_\_\_22nd\_\_\_\_ day of April 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
Unite States District Judge